## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

SEAD MUFTIC,

                    Plaintiff,

          v.

PRISM TECHNOLOGIES LLC,

                    Defendant.

CASE: 8:09-cv-00355-JFB-TDT

**PRISM'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

Defendant, Prism Technologies, LLC ("Prism"), respectfully moves this Court for entry of the attached Proposed Protective Order.  In support of its Motion, Prism states as follows.

## BACKGROUND OF THE UNDERLYING DISPUTE

Around August 2005, Prism Technologies, LLC ("Prism") entered into a *confidential* agreement (the "Entegrity Agreement") to monetize Plaintiff Sead Muftic's ("Muftic") three patents (the "Entegrity Patents").[1]  That agreement, *inter alia*, required that Mr. Muftic keep certain information confidential and assist Prism in enforcing the Entegrity Patents.  Further, the Entegrity Agreement required that Prism actively manage the marketing, licensing, and enforcement of the Entegrity Patents, which were co-owned by Muftic and Entegrity Solutions Corporation.

Mr. Muftic filed this lawsuit on October 5, 2009, because he disputes certain proceeds that he received from the joint venture mentioned above.  This lawsuit raises issues regarding the confidential and proprietary information exchanged during that venture, which the parties agreed

---

[1] Ex. 1, Patent Assignment and Support Agreement, dated August 8, 2005 [Filed Under **SEAL**].  The Entegrity Patents were also subject to a security lien held by Equity Office.

1

to maintain in confidence.   Although the parties dispute the scope of that confidentiality requirement, Prism respectfully requests that this Court enter the attached Protective Order to protect its confidential information from disclosure during the litigation of this matter.   As discussed below, Prism proposed a Draft Protective Order on January 19, 2010.[2]   Muftic's counsel eventually stated that he would respond around February 1 but failed to do so.   Even after Prism's follow-up letter of April 1, Muftic's counsel has failed to state any substantive objections and continues to delay a meaningful response.

Given that Muftic's response to Prism's First Set of Document Requests is due on Monday, April 12, 2010, Prism asks that the Protective Order be entered so that this case may progress accordingly.

## I.   DISCLOSURE OF CONFIDENTIAL INFORMATION IN ANY MANNER OTHER THAN PROVIDED IN THE PROPOSED PROTECTIVE ORDER WILL POSE A SIGNIFICANT RISK OF INJURY TO THE LEGITIMATE BUSINESS INTERESTS OF PRISM.

The Federal Rules of Civil Procedure contemplate that a party's trade secret or other confidential commercial information may be protected by a protective order.   See FRCP 26(c)(1)(G).   In this case, discovery is likely to involve the disclosure of confidential information, including, but not limited to, trade secrets and other confidential commercial information relating to business strategies, plans, profitability, and other non-public business and financial data.   The holders of such confidential information include the named parties to this case.   For example, Mr. Muftic holds certain confidential documents of Prism that should remain confidential pursuant to the Entegrity Agreement.   Further, Prism also may need to disclose other

---

[2] See Ex. 2, Email from A. Bahou to J. Greger enclosing Prism's Draft Proposed Protective Order, dated January 19, 2010.   The original draft proposed that the Protective Order would be a joint motion.   However, due to the parties inability to agree, the introductory paragraph was change from "Joint Motion" to "Prism's Motion." Other than that minor edit, the proposed Jan. 19 Protective Order is the same as currently submitted with this Motion.   Due to Muftic's counsel's delay, failure to state any valid objections, and failure to explain his changes (other than to force Prism to perform a "side-by-side" comparison of a revised document), the parties could not meaningfully reach agreement on the Proposed Protective Order.

confidential business information to support its defenses in this action. Hence, both parties to this lawsuit should be bound by the Protective Order and be prevented from disclosing confidential information.

Good cause exists for this Court to enter Prism's Proposed Protective Order because there is substantial risk that Muftic will further publicly disclose Prism's confidential information. See *In re Northshore University Healthsystem*, 254 F.R.D. 338, 341-342 (N.D. Ill. 2008). Given that Muftic has already disclosed proprietary and confidential business information in the unsealed Complaint, Prism is at risk of substantial harm if Muftic continues to release Prism proprietary information. If Prism's competitors gain access to this sensitive information, such as the terms of the negotiated agreement with Muftic, Prism's counsel, Entegrity Solutions, or other parties to the Entegrity Agreement, Prism's ability to conduct its business going forward will be undermined.[3]

The very nature of the disputed agreement involves confidential business information. The Entegrity Agreement is labeled "Strictly Confidential."[4]  The parties anticipated that confidential information would be exchanged and took that into consideration when drafting the Agreement. In paragraph 9.0, "[t]he parties agree that certain information that they may receive in connection with this Agreement will be confidential and proprietary (the 'Confidential Information')…." *Id.* Likewise in paragraph 10.0 titled "PUBLICITY," the parties agreed that "[n]one of the parties will publicize the execution of this Agreement or disclose its contents without the prior written consent of the other parties." *Id.*

If this Protective Order is not entered, the parties may needlessly burden the Court with a series of motions on a document-by-document basis. The core of this dispute is over confidential business information and technologically-related documents that deal with research and

---

[3]  Ex. 3, Affidavit of Gregory Duman In Support of Prism Motion for Entry of Protective Order.
[4]  Ex. 1, Patent Assignment and Support Agreement, dated August 8, 2005 [Filed Under **SEAL**].

development. Many documents will likely be sought and exchanged in discovery. For example, Prism's document requests seek Muftic's documents for development of the technology underlying the Entegrity Patents. Similarly, Prism holds several documents that deal with proprietary analysis of subject matter related to the Entegrity Patents. If the documents are produced, the parties and the Court will be burdened by having to deal with such documents on a document-by-document basis. Indeed, courts "are not required to make good cause determinations on a document-by-document basis as such a requirement would impose an excessive burden upon the court in cases with thousands of documents at issue." *In re Northshore University Healthsystem*, 254 F.R.D. at 342 (citing *Citizens First Nat'l. Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 946 (7th Cir. 1999)).

In sum, good cause exists for entry of Prism's Proposed Protective Order.

## II.     PRISM HAS SOUGHT IN GOOD FAITH TO NEGOTIATE THE PROTECTIVE ORDER BUT MUFTIC'S COUNSEL HAS DELAYED AND FAILED TO ARTICULATE MEANINGFUL OBJECTIONS.

Counsel for Muftic offered to draft a Joint Protective Order during the parties' teleconference regarding the progression order on December 16, 2009. Prism accepted that offer. However, when Prism requested a simple provision be added, counsel for Muftic decided that it no longer desired to draft the Protective Order. Prism then agreed to draft the Protective Order.

On January 19, 2010, Prism sent Muftic's counsel a draft Protective Order in both PDF format and Microsoft Word document format.[5] On January 20, Mr. Jeff Greger requested an additional version of the Protective Order in a word document format convenient for him to

---

[5] Ex. 2, Email from A. Bahou to J. Greger enclosing Prism's Draft Proposed Protective Order, dated January 19, 2010.

presumably edit, and Prism promptly complied.[6]  Then, presumably without even reading the first transmittal, Mr. Greger responded at 3:09 p.m. that the draft Protective Order was "much too complex for [him] to strike all that [he] find[s] objectionable…."[7]  Mr. Greger followed up at 3:19 p.m. with another version of a Protective Order that he characterized as much shorter and simpler.[8]  Mr. Greger had not even entered the case caption on his version of the proposed Protective Order and failed to tailor it in any way to the specific matter at hand.

Given Muftic's counsel's about-face from the initial offer to draft the Protective Order and given Prism's detailed effort in drafting the specific Protective Order of January 19, counsel for Prism asked, as a professional courtesy, that Muftic's counsel reconsider and edit Prism's proposed Protective Order of January 19.[9]  Mr. Greger agreed on January 28 and stated that he would respond "hopefully" by Monday, February 1.[10]

After two months had passed and Mr. Greger had not responded, Prism sent Mr. Greger a letter on April 1, 2010, requesting that Mr. Greger state his objections so that the parties may further negotiate the Protective Order.[11]  On April 6, 2010, Mr. Greger then stated that "Most of the language is acceptable"[12] – in direct contradiction to his previous assertion that Prism's draft Protective Order of January 19 was "much too complex for [him] to strike all that [he] find[s]

---

[6]  Ex. 4, Email from A. Bahou to J. Greger (January 20, 2010, 2:57 p.m.) enclosing Prism's Draft Protective Order in Microsoft Word Document 2003 format; *see also* Email in chain from J. Greger to A. Bahou, January 20 at 12:07 p.m. requesting "regular word doc."

[7]  Ex. 5, Email from J. Greger to A. Bahou, January 20, 2010 at 3:09 p.m.

[8]  Ex. 6, Email from J. Greger to A. Bahou, January 20, 2010 at 3:19 p.m.  Please note that the time stated for Mr. Greger's email transmissions are time stamped with at the Eastern Time zone, while Mr. Bahou's transmissions are time stamped with the Central Time zone.  In this email chain, Mr. Bahou's email transmission that reads 3:57 p.m., was actually sent at 2:57 p.m. Central Time and explains the chronology of this email chain.

[9]  Ex. 7, Letter from A. Bahou to J. Greger, January 25, 2010.

[10]  Ex. 8, Email from J. Greger to A. Bahou, January 28, 2010.

[11]  Ex. 9, Letter from A. Bahou to J. Greger, April 1, 2010.

[12]  Ex. 10, Email from J. Greger to A. Bahou, April 6, 2010 (emphasis added).

5

objectionable...."[13]  Even more blatantly, Mr. Greger then stated that he could not provide a redlined version for the tracked changes that he had made.[14]

Rather, Mr. Greger sought to force Prism to compare its original version with a cloaked changed version by Mr. Greger without any redlined tracked changes.[15]  He stated that Prism would need to do a side-by-side document comparison if Prism could not technologically decipher a way to compare Prism's original version with Muftic's changed version.  *Id.*  This proposal was completely unacceptable given that Prism provided the original draft in PDF format, Word Document 2007 format, and subsequently a Word Document 2003 format that Mr. Greger specifically requested so that he could edit it with redlined tracked changes.[16]

Prism requested that Mr. Greger state his objections in writing separately so that the parties could further ascertain any disputes over the language of the Protective Order.[17]  Mr. Greger has failed to articulate any valid or specific objection to the Protective Order of January 19,[18] which he had under consideration for over two months.  Mr. Greger now seeks to further delay entry of Prism's Protective Order, stating that he will not be able to address the matter until next Thursday, April 15.  *Id.*  Tellingly, Mr. Greger reverts back to his criticism of Prism's draft Protective Order, by now stating that it is "rediculous [sic] and unacceptable broad language." *Id.*   In short, Muftic's counsel will say whatever is convenient in order to delay entry of Prism's Protective Order, but has failed to provide any specific objections or meaningful way to reach a good faith compromise.

---

[13]  Ex. 5, Email from J. Greger to A. Bahou, January 20, 2010 at 3:09 p.m. (emphasis added).
[14]  Ex. 10, Email from J. Greger to A. Bahou, April 6, 2010 (emphasis added).
[15]  Ex. 10, Email from J. Greger to A. Bahou, April 6, 2010 (emphasis added).
[16]  Ex. 4, Email from A. Bahou to J. Greger (January 20, 2010, 2:57 p.m.) enclosing Prism's Draft Protective Order in Microsoft Word Document 2003 format; *see also* Email in chain from J. Greger to A. Bahou, January 20 at 12:07 p.m. requesting "regular word doc."
[17]  Ex. 11, Letter from A. Bahou to J. Greger, April 8, 2010.
[18]  Ex. 12, Email from J. Greger to A. Bahou, April 8, 2010.

In sum, counsel for Prism has conferred in good faith with counsel for Muftic regarding the Proposed Protective Order. Counsel for Muftic indicated that Muftic opposes the Proposed Protective Order, but Muftic has not provided any specific objections and did not provide a redlined version of the draft that it has considered for over two months – and counting.

## CONCLUSION

Prism respectfully requests that this Court enter the Proposed Protective Order attached to this Motion. Prism has established that improper disclosure of its confidential, proprietary, trade secret and other business information would potentially cause severe harm to Prism. Therefore, upon good cause shown and in light of Prism's good faith attempt to negotiate with Muftic, Prism requests entry of the Protective Order to promote the efficient litigation of this dispute.

PRISM TECHNOLOGIES LLC, Defendant,


_S/ Thomas J. Culhane_
    Thomas J. Culhane - #10859
    Erickson | Sederstrom, P.C.
    Regency Westpointe, Suite 100
    10330 Regency Parkway Drive
    Omaha, NE  68114-3761
    Telephone: (402) 397-2200
    Facsimile:  (402) 390-7137
    culhane@eslaw.com

    André J. Bahou, Pro Hac Vice (DC Bar #483,516)
    Prism Technologies LLC
    1455 Pennsylvania Avenue, NW, Suite 400
    Washington, DC 20004
    Telephone:  (202) 552-5785
    aj.bahou@prismpatent.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Prism's Motion for Entry of Protective Order was electronically filed with the Clerk of the United States District Court using the CM/ECF system on April 12, 2010 and that service will be made by electronic notification sent to the following counsel of record for Plaintiff:

Scott E. Daniel          sed@brashearlaw.com
Jeffrey H. Greger        jhgreger@ipfirm.com


*S/ Thomas J. Culhane*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SEAD MUFTIC,

Plaintiff,

v.

PRISM TECHNOLOGIES LLC

Defendant.

CASE: 8:09-cv-00355-JFB-TDT

**[PROPOSED]**
**PROTECTIVE ORDER**

## PROTECTIVE ORDER

Having considered the Prism's Motion for a Protective Order, and for good cause shown,

**IT IS HEREBY ORDERED** that the Motion is hereby **GRANTED**.

To facilitate the production and receipt of trade secret or other confidential research,
development, or commercial information during discovery in this action, THE COURT
HEREBY ORDERS as follows:

## I.      CLASSIFICATION OF INFORMATION

1.      "CONFIDENTIAL INFORMATION" means information, documents, or things
(including transcripts) that (1) have not been made public, and (2) the designating party
reasonably and in good faith believes contains or comprises trade secrets or other confidential
research, development or commercial information or documents.

1

## II.    PRODUCING AND DESIGNATING INFORMATION

2.     Any information produced or disclosed in this action (in pretrial discovery, as a deposition transcript or exhibit, in a pleading or otherwise) deemed to contain or constitute CONFIDENTIAL INFORMATION shall be so designated by any party to this action, or any other supplier of that information, (1) in writing by typing, stamping, or affixing conspicuously on its face (in such a manner as will not interfere with the legibility thereof) "CONFIDENTIAL INFORMATION" at the time of production or service thereof, or (2) orally on the record at a deposition or conference. Oral notice shall be effective only for those parties in attendance personally or by counsel, or for those parties who receive a transcript containing or marked with a confidentiality designation. The designating party shall use due care to designate only information that truly merits such designation.

3.     The introduction of any CONFIDENTIAL INFORMATION into open court during the trial or any hearing in this matter shall be governed by pertinent local rules of the Court, future orders of the Court or by stipulation between the parties.

Any party to this action may designate anything as "CONFIDENTIAL INFORMATION" and any other person or entity may so designate anything that it produces or discloses. Any non-party producing information in this action may so designate such materials pursuant to Paragraph 21-23 below.

### A.     Production of Documents and Things

4.     The designating party shall mark each effected document or thing with a legend stating "CONFIDENTIAL INFORMATION" as appropriate, or a comparable notice. Where a document consists of more than one page, at least the first page and each page on which confidential information appears shall be so marked. This provision shall not apply where it is impractical or infeasible to mark the affected document or thing such as in the case of an original

that cannot be readily copied. In the event, the designating party shall provide separate written notice.

5.      If a party inadvertently fails to mark a document that contains confidential information with the appropriate designation, it may later apply such a designation by providing counsel for each other party written notice of the proper designation for each affected document or thing. For purposes of this provision, oral notice recorded by a court reporter shall constitute written notice for any party in attendance personally or by counsel, or who receives a transcript containing such a notice. Upon receiving such a notice, each party shall treat the affected documents or things, and all copies thereof, as designated as the notice states, and each receiving party shall make a reasonable effort to (1) prevent improper use or disclosure of such information and (2) obtain the return of such information that it disclosed to any person not authorized to receive such designated information, subject to its right to contest any designation in accordance with Paragraph 20 below, and subject to the exceptions in Paragraph 16 below regarding use or disclosure of information before receiving notice of any designation. The designating party shall also provide a replacement, marked pursuant to Paragraph 4 above, for each affected document and thing. After receipt of a marked replacement, and upon written request of the designating party, the receiving party shall certify in writing to counsel of the designating party that the receiving party has returned or destroyed, at its option, every affected unmarked document and thing and all copies thereof.

6.      Until seven (7) days after receipt, the receiving party shall treat all documents and things received from a producing party as being CONFIDENTIAL INFORMATION, regardless of how such documents or things are marked. After that seven-day period, however, documents and things shall be treated in accordance with how they are actually designated, if at all, under Paragraphs 1-5 above.

3

**B.      Production for Inspection**

7.      Any entity that produces documents or things for inspection and copying may require by written notice to the receiving party that, with respect to each document or thing, (a) the document or thing shall be (i) treated as if it were designated as "CONFIDENTIAL INFORMATION" and (ii) reviewed only by persons whom this Protective Order authorizes to receive CONFIDENTIAL INFORMATION, and any copies, summaries, excerpts, compilations, notes or other information obtained or generated during the inspection of the document or thing shall be treated as CONFIDENTIAL INFORMATION. After designation by the producing party, the documents and things shall be treated in accordance with the designation, if any, of the producing party.

**C.      Depositions**

8.      A party may designate deposition transcripts and exhibits as "CONFIDENTIAL INFORMATION"  (a) orally on the record during the deposition; or (b) by notifying all other parties in writing within 30 days of receiving the transcript of the exhibits, transcript, or portions thereof, that contain CONFIDENTIAL INFORMATION.

9.      Until thirty (30) days after receiving a deposition transcript, each party shall treat the entirety of each deposition transcript, all information disclosed therein, and each exhibit thereto as CONFIDENTIAL INFORMATION unless before the deposition, the exhibit was properly treated as not having any CONFIDENTIAL INFORMATION. After the thirty (30) day period, however, deposition transcripts, all information disclosed therein and each exhibit thereto, shall be treated in accordance with how they are actually designated.

**D.      Redactions**

10.      Any producing party may redact material from documents and things it produces, including matter that the producing party claims is subject to the attorney-client privilege, work

4

product immunity or other privilege or immunity. The producing party shall mark each document or thing where matter has been redacted with a legend stating "REDACTED FOR PRIVILEGE" or a comparable descriptive notice. Where a document consists of more than one page, at least the first page and each page on which information has been redacted shall be so marked. The producing party shall preserve an unredacted version of each document. This provision shall not affect any obligation to provide a log of information redacted or otherwise withheld on the basis of the attorney-client privilege, work product immunity or other privilege or immunity.

## III.    LIMITATIONS ON USING AND DISCLOSING INFORMATION

### A.    Limitation on Use and Disclosure

11.    All CONFIDENTIAL INFORMATION produced or exchanged during this litigation shall not be disclosed or used except for the purpose of conducting this litigation, including any appeal resulting therefrom, and not for any other business, commercial or other purpose whatsoever. As an example only, such information shall not be used by a recipient for any commercial purpose, for filing, prosecuting or opposing any patent application (of any type) or a similar request for protection, for patent reissue or reexamination request or for developing a product.

12.    Anything designated CONFIDENTIAL INFORMATION shall not be disclosed or made available to any person or entity other than:

A.    Attorneys of record who have entered an appearance in this matter, including necessary clerical and support personnel, including third-party litigation support personnel (for example, paralegals, data entry personnel, copy services, visual aid providers or jury consultants) who are assisting such attorneys. Any outside attorney or law firm other than those indicated above may be added to this Protective Order as counsel of record for a party upon ten (10) days advance written notice to all other

5

parties, but shall not be added to the Protective Order nor entitled to access to any CONFIDENTIAL INFORMATION should any other party object in writing to the designation of counsel during such ten (10) day period; any such objection shall be resolved by the Court if not resolved among the parties;

B.      Greg Duman, Gerald Korth, Richard Gregg, and Sead Muftic, along with their respective support staff who are directly involved in the litigation;

C.      Outside experts, consultants, and mock jurors who are specifically retained by a party to this action for purposes of this litigation and who are not otherwise currently employed by (1) a party, or (2) any predecessor, parent or affiliated company of a party, and all necessary clerical and support personnel who assist such experts or consultants, subject to the provisions regarding designating persons under this Protective Order in Paragraph 18 below;

D.      The Court and any persons the Court employs whose duties require access to the information, including jurors and court reporters; and

E.      Officers before whom a deposition or other testimony is taken (including without limitation, stenographic reporters and videographers) and necessary clerical and support personnel who are assisting such officers, who are provided a copy of this Protective Order and advised that confidential information disclosed to them may not be used in any manner other than with respect to this action.

**B.      Filing Under Seal**

13.     Anything filed with or submitted to the court (including without limitation, pleadings, motions, transcripts or portions thereof) that comprises, contains, discloses, reproduces or paraphrases any information that is designated "CONFIDENTIAL INFORMATION" shall be filed under seal in accordance with the Local Rules of this Court.

14.     Nothing will be accepted for the filing of CONFIDENTIAL INFORMATION with the Court without separate prior order by the judge before whom a hearing or proceeding will take place.

**C.     Depositions**

15.     No person shall attend portions of depositions during which information designated as "CONFIDENTIAL INFORMATION" is disclosed unless such person is an authorized recipient of such information under this Protective Order. If, during a deposition, the response to a question would require the disclosure of CONFIDENTIAL INFORMATION, the witness may refuse to answer or complete his or her answer, or any party that designated the information as confidential may instruct the witness not to answer or complete his or her answer, until any persons not authorized to receive that information have left the room. If the persons not authorized to receive confidential information refuse to leave the room, the deposition shall continue as to non-confidential matters only or may be adjourned, at the option of the examining party. Each party reserves its right to demand the suspension of the taking of the deposition under Rule 30(d).

**D.     Exceptions**

16.     Notwithstanding any provision of this Protective Order, nothing in this Protective Order shall prohibit or otherwise restrict the use or disclosure of information, documents or things, if, at the time of such use or disclosure:

A.     A party is merely using or disclosing its own information.  A party may freely use and disclose its own CONFIDENTIAL INFORMATION without restriction;

B.     The disclosure is required by law (but subject to similar protections afforded under this Order), a court has ordered such use or disclosure, or the court has ordered the relevant information undesignated. If the court orders such use or disclosure, then unless the

7

court orders otherwise, the information, and any entity receiving any such information, shall otherwise be subject to this Protective Order;

C.     Each party that produced the information or designated the information as "CONFIDENTIAL INFORMATION" has consented in writing to such use or disclosure;

D.     The information is used or disclosed in the examination, at a deposition hearing, or trial, of any current or former officer, director, employee, agent, expert or consultant of the party whose information is used or disclosed, so long as that person had access or knowledge of the information;

E.     The person or entity receiving the information wrote, was the source for, or lawfully previously received that information. Counsel may examine a witness in a good faith effort to determine whether that person had access to or knowledge of the information, provided that such examination be undertaken without the disclosure of the substance of such confidential information to the witness unless and until counsel has determined, in good faith, from such examination that the witness did, in fact, have lawful access to such information prior to this litigation;

F.     The information (1) was part of the public domain or publicly available when it was produced, or (2) becomes part of the public domain or publicly available through no act, omission or fault of any receiving party or its counsel or agents, and through no unlawful or improper act of any other person;

G.     The information is or was independently developed, prior to receipt in this litigation, by the party wishing to use or disclose the information; or

H.     The information (1) is or was in the lawful possession of the party wishing to use or disclose the information and (2) was not acquired under any obligation of confidentiality to the designating party, nor through the illegal or improper act of any person.

17.     Notwithstanding any provision of this Protective Order, nothing in this Protective Order shall prohibit or otherwise restrict counsel from referring to in a very general way, relying on, or evaluating CONFIDENTIAL INFORMATION in the course of advising a party client with respect to this litigation, provided, however, that counsel shall not disclose the specific substance or content of any CONFIDENTIAL INFORMATION if such disclosure would violate this Protective Order.

## IV.     DESIGNATING PERSONS UNDER THE PROTECTIVE ORDER

18.     The parties may in good faith disclose "CONFIDENTIAL INFORMATION" to mock jurors and jury consultants under the Protective Order provided such persons (i) execute a general confidentiality agreement; (ii) are not actually provided any copies or excerpts of materials designated "CONFIDENTIAL INFORMATION"; and (iii) return all notes or testing instruments upon conclusion of the exercise. Confidential Business Information designated "CONFIDENTIAL INFORMATION" shall not otherwise be disclosed by the receiving party to its independent technical, damages, or other consultants retained for purposes of this litigation and their necessary employees until the procedures in subparagraphs (A) through (D) are followed:

A.     At least five business (5) days before the designated Confidential Information is to be disclosed to any independent expert or consultant or employees thereof, the party wishing to disclose such information shall provide to the opposing party:

(i)     The person's name, business address, present employer and a current copy of the person's curriculum vitae;

(ii)     The names of any employees who will be assisting the person; and

(iii)     An agreement, in the form attached hereto as Exhibit A, from each person and each employee identified in Paragraph (ii) that they have read this Protective Order and agree to

9

be bound by all of the provisions hereof and to be subject to the jurisdiction of this court for enforcement.

B.     Unless counsel of record for any party notifies proposing counsel of its objection to any person proposed hereunder within five (5) business days after receipt of the information referred to in Paragraph 18(A) above, such person(s) shall thereafter be entitled to receive CONFIDENTIAL INFORMATION pursuant to the provisions of this Protective Order.

C.     Should counsel of record notify proposing counsel of its objection to any person proposed hereunder, the parties shall meet and confer within 10 days of any such objection. If the meet and confer is unsuccessful, the party objecting to the disclosure to the expert will have 21 days from the date of its written objection to file a motion seeking relief from the Court, provided, however, that no information designated as "CONFIDENTIAL INFORMATION" may be disclosed to any person as to whom an objection has been made until the motion is decided by the court or by an appellate court, should appellate review be sought.  If relief is not sought from the Court within 21 days following the written objection, the objection shall be deemed withdrawn.  In any such proceeding the party opposing disclosure to the expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the protected material to its expert.

D.     Each party agrees that it will not contact any consultant or employee thereof of the opposing party whose identity is revealed under this paragraph, provided, however, that the parties may take discovery of "any witness who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4).

19.     Counsel for any receiving party who discloses information designated CONFIDENTIAL INFORMATION" to any person who is authorized to receive such

information, shall be responsible for obtaining and keeping a copy of an executed agreement for each such person, as required by Paragraph 18 above.

## V.   DISPUTES REGARDING DESIGNATIONS

20.   Any party to this action may contest at any time the designation of anything as "CONFIDENTIAL INFORMATION" by giving the designating party written notice that identifies the relevant designated information and states in reasonable detail the reasons why the information should not be so designated.  Any parties in disagreement about such designations shall meet and confer in good faith in person or by telephone to attempt to resolve their disagreement.  If those parties cannot resolve their disagreement within ten (10) days after a party contests the designation, any party may thereafter petition the court to resolve the matter. The designating party shall bear the burden of establishing that the information should be so designated.  If such an objection or petition is made, such information shall be treated according to the designation that the designating party gives it until the issue is resolved in writing by the parties or the petition is decided by the court or an appellate court, should appellate review be sought.

## VI.   THIRD PARTIES

21.   This Protective Order applies to all information that a non-party discloses in connection with this litigation. All information that any non-party designates as "CONFIDENTIAL INFORMATION" shall be treated as such in accordance with the terms of this Protective Order, subject to any party's rights to contest any designation in accordance with Paragraph 20 above.

22.   If any person or entity is subpoenaed, ordered by a court of competent jurisdiction, or otherwise legally required to produce information that another entity designated

"CONFIDENTIAL INFORMATION" in this action, the person or entity receiving the request or order shall (a) inform each person or entity that sent such request or order that the information is subject to this Protective Order, (b) immediately notify each designating party of the existence and general substance of each such order or request, (c) promptly furnish each designating party with a copy of the document(s) it received that memorialized the request or order, and (d) not interfere with any designating party's response or objection to any such order or request.

23.     Nothing in this Protective Order requires any person or entity to contest, appeal, or violate a subpoena, legal process, or court order. If the designating party wishes to contest any such request or order, it shall have the burden of doing so. The entity receiving the subpoena, process, or order shall be entitled to comply with it unless (a) it is quashed or modified in a way that does not require such compliance, or (b) (i) it need not be complied with yet and (ii) the entity receives notice, within ten (10) days after it notifies each designating party of the existence of the request or order, that an entity has or will contest the request or order.

## VII.   WAIVER AND INADVERTENT DISCLOSURES

24.     If a producing party inadvertently discloses information without designating such information as "CONFIDENTIAL INFORMATION," that disclosure shall not be deemed a waiver of confidentiality with regard to that information, or similar or related information.

25.     Neither the existence of this Protective Order, nor the designation of anything as "CONFIDENTIAL INFORMATION" shall, in and of itself, raise any inference as to whether the designated information is confidential.

### A.   Privilege or Immunity

26.     Nothing in this Protective Order shall be deemed to waive any applicable privilege or immunity, or to limit the relief available to a party claiming that it inadvertently disclosed information subject to any privilege or immunity. Nothing in this Protective Order

shall require disclosure of information that is protected by the attorney-client privilege, work product immunity, or other privilege or immunity.

27.     If any party claims that it has inadvertently disclosed information subject to the attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other privilege or immunity, such disclosure shall not constitute a waiver of the applicable privilege or legal prohibition against disclosure if the producing party provides written notice of the inadvertent disclosure to each receiving party within ten (10) days of becoming aware of the inadvertent disclosure. The parties reserve all rights to seek the return or destruction of all such information and anything relating to such information (including without limitation notes or work product), and to preclude the further use or disclosure thereof.

28.     If written notice of inadvertent disclosure is provided within 10 days of the party becoming aware of the relevant inadvertent disclosure, then: (a) upon receipt of such notice of inadvertent disclosure, each receiving party shall immediately return or destroy all copies of any documents and things that the disclosing party claims it inadvertently disclosed, and, if requested in writing to do so, certify in writing to the producing party that it has done so, and (b) until any issue of how to treat such information is resolved (for example, by court order or agreement of the parties), such information shall be treated as though it is subject to the claimed privilege or immunity, and shall not be further used or disseminated by the receiving party. If any receiving party disputes that any such information is subject to such privilege or immunity, or otherwise disagrees about the return, disclosure (e.g., if the receiving party disputes whether the disclosure was inadvertent), or use of any such information, then that party and the party claiming inadvertent disclosure shall meet and confer in good faith to attempt to resolve their disagreement. If those parties cannot resolve their disagreement within ten (10) days after receipt of such notice, then any of those parties may thereafter petition the court to resolve the matter.

The party seeking to designate the information as subject to privilege or immunity shall have the burden of proving that the information is subject to privilege or immunity and, if relying on the rule against inadvertent waiver under this Protective Order, that the disclosure was inadvertent and that written notice was provided within the required 10 days. When written notice of inadvertent disclosure is provided within 10 days of the party becoming aware of the inadvertent disclosure, the court will rule on claims of privilege or immunity without regard to the fact that such information has been disclosed or used.

## VIII.   VIOLATION

29.     Each person and entity that receives any information designated as "CONFIDENTIAL INFORMATION" agrees to be subject to the jurisdiction of this court for the purpose of any proceeding relating to the performance under, compliance with, or violation of this Protective Order, even after the conclusion of this litigation.

30.     Each party shall be entitled to all remedies existing under law and equity if any information that is designated (at the time of use or disclosure) "CONFIDENTIAL INFORMATION" is used or disclosed in violation of this Protective Order, or if any term of this Protective Order is violated in any other way. It shall not be a defense to a request for injunctive relief that the aggrieved party possesses an adequate remedy at law.

31.     If any information that is designated (at the time of use or disclosure) "CONFIDENTIAL INFORMATION" is used or disclosed other than in the manner authorized by this Protective Order, then the party responsible for such use or disclosure shall immediately disclose such use or disclosure to counsel of record and each entity that supplied or designated the affected information and, without prejudice to other rights and remedies available to the supplier or designator, shall make every effort to obtain the return of such information and prevent further improper use or disclosure of such information. Such disclosure shall include: (a)

14

a description of the confidential information used or disclosed (with Bates numbers of any documents involved, if known); (b) the date and nature of the use and disclosure; (c) the identity of the person(s) who made such use or disclosure and to whom the confidential information was disclosed; and (d) a description of the efforts taken to comply with the provisions of this paragraph.

32.     Except as provided for elsewhere in this Protective Order, any disclosure or use by any person or entity of any inadvertently disclosed or inadvertently non-designated information shall not be deemed a violation of this Protective Order if such disclosure or use occurs before that person or entity receives written notice of that inadvertent disclosure or non-designation. For purposes of this provision, oral notice recorded by a court reporter shall constitute written notice.

## IX.     CONCLUSION OF LITIGATION

33.     Absent a court order or written permission of the disclosing and designating party or parties, and unless otherwise stated in another provision in this Protective Order, all provisions of this Protective Order that restrict the disclosure or use of information shall continue to be binding after the conclusion of this action.

34.     Upon written request by the disclosing or designating party or parties after the conclusion of this litigation and all appeals therefrom, and absent a court order to the contrary (a) all documents or things (including transcripts) produced or exchanged in this litigation, and all copies thereof, shall be returned to the producing party or destroyed and (b) anything (including without limitation exhibits and attorney work product) that contains or comprises information designated as "CONFIDENTIAL INFORMATION" shall be returned to the producing party or destroyed. Each party or entity (including without limitation, court reporters) that received or has any such documents or things, or copies thereof, shall certify in writing to counsel for the

producing party that it returned or destroyed, at its option, every such document and thing, and all copies, summaries and abstracts thereof, in its possession, custody or control.

35.    Notwithstanding Paragraph 34 above, each firm having counsel of record may retain for archival purposes one copy of all pleadings, papers filed with the court, written discovery requests, deposition transcripts, transcripts of court proceedings, correspondence and work product, including portions designated as "CONFIDENTIAL INFORMATION," subject to the continuing obligations of all other provisions of this Protective Order, and provided that nothing in said archival copy shall be disclosed to anyone other than that counsel's partners, associates or employees.

36.    The court retains jurisdiction even after final disposition of this litigation to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the court may from time to time deem appropriate. The parties hereto reserve all rights to apply to the court at any time, before or after final disposition, for an order: (a) modifying this Protective Order; (b) seeking further protection against discovery or other use of confidential information, or documents, transcripts or other materials reflecting confidential information; or (c) seeking further production, discovery, disclosure or use of claimed confidential information, or documents, transcripts or other materials reflecting confidential information.

## X.    AMENDMENTS

37.    Changes or exceptions to this Protective Order may be made only by written agreement of the parties subject to court approval, or by court order.

38.    This Protective Order does not abridge and is without prejudice to the rights of a party (a) to oppose or object to the disclosure, production, use or admissibility of anything, or to refuse to disclose or produce anything based on any available legal grounds or objections, (b) to

modify or seek relief from this Protective Order, (c) to seek judicial review or other appropriate action regarding any court ruling concerning information that is or was designated "CONFIDENTIAL INFORMATION," or (d) to seek any additional protection that the party deems appropriate.

**IT IS SO ORDERED**.

Dated: _____          _____

Hon. Thomas D. Thalken

Magistrate Judge, United States District Court

Attorneys for Prism Technologies LLC, Defendant,


By  /s/ André J. Bahou
     Thomas J. Culhane - #10859
     Erickson & Sederstrom, P.C.
     Regency Westpointe, Suite 100
     10330 Regency Parkway Drive
     Omaha, NE 68114-3761
     Telephone: (402) 397-2200
     Facsimile:  (402) 390-7137
     culhane@eslaw.com

     André J. Bahou, Pro Hac Vice (DC Bar #483,516)
     Prism Technologies LLC
     1455 Pennsylvania Avenue, NW, Suite 400
     Washington, DC 20004
     Telephone:  (202) 552-5785
     aj.bahou@prismpatent.com

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SEAD MUFTIC, | |
| Plaintiff, | CASE: 8:09-cv-00355-JFB-TDT |
| v. | |
| PRISM TECHNOLOGIES LLC | |
| Defendant. | |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare and say that:

1. I am employed as _____

   by _____.

2. I have read the Protective Order entered in *Muftic v. Prism Technologies*, Case No. 8:09-cv-00355-JFB-TDT, and have received a copy of the Protective Order.

3. I promise that I will use any and all information designated "CONFIDENTIAL INFORMATION," as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

19

4.  I promise that I will not disclose or discuss information designated "CONFIDENTIAL INFORMATION" with anyone other than the persons authorized under Paragraph 12 of the Protective Order.

5.  I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Nebraska with respect to enforcement of the Protective Order.

6.  I understand that any disclosure or use of information designated "CONFIDENTIAL INFORMATION" in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.


Date:_____


_____
Print Name


_____
Signature

20

A.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed with the Clerk of the United States District Court using the CM/ECF system on [DATE] and that service will be made by electronic notification sent to the following counsel of record for Plaintiff:

Scott E. Daniel       sed@brashearlaw.com
Jeffrey H. Greger     jhgreger@ipfirm.com


/s/ _____

21