**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| SEAD MUFTIC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV355 |
| | ) | |
| vs. | ) | PROTECTIVE ORDER |
| | ) | |
| PRISM TECHNOLOGIES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion for a Protective Order (Filing No. 26, Amended at Filing No. 32). Having considered the parties' briefs in support and in opposition to the motion, and for good cause shown, the motion is granted. It is hereby ORDERED:

**I.   CLASSIFICATION OF INFORMATION**

1. "CONFIDENTIAL INFORMATION" means information, documents, or things (including transcripts) that (1) have not been made public, and (2) the designating party reasonably and in good faith believes contains or comprises trade secrets or other confidential research, development or commercial information or documents. Any information produced by any party or non-party as part of discovery in this action may be designated by such party or non-party as "CONFIDENTIAL INFORMATION." As a general guideline, materials designated "CONFIDENTIAL INFORMATION" shall be those confidential and sensitive things not generally known or readily available to the public, and which a party would not normally reveal to third parties or would cause third parties to maintain in confidence, that may be disclosed to the parties for the sole purpose of the litigation, but which must be protected against disclosure to third parties. "CONFIDENTIAL INFORMATION" materials may also be those confidential and sensitive things of a proprietary business or technical nature, strategic or competitive nature, or a level of confidentiality applicable to trade secret, disclosure of which information or trade secret a party believes likely to have a harmful effect on that party if the disclosure is made the other party and/or third party and/or which might be of value to a potential competitor of the

party or non-party holding the proprietary rights thereto, and which must be protected from disclosure to such party and/or third parties. Absent a specific order by this Court, information once designated as "CONFIDENTIAL INFORMATION" shall be used by parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function and such information shall not be disclosed to anyone except as provided herein.  Further, all customer lists, invoices, and financial records shall be deemed "CONFIDENTIAL INFORMATION" irrespective if such documents are individually stamped Confidential or if such documents are clearly bundled and stamped confidential as a group. "CONFIDENTIAL INFORMATION" documents shall not include: (i) publicly disseminated advertising materials; (ii) materials that on their face show that they have been published to the general public or (iii) materials made public by the producing party subsequent to the production thereof to the discovering party.

II.     **PRODUCING AND DESIGNATING INFORMATION**

    2.    Any information produced or disclosed in this action (in pretrial discovery, as a deposition transcript or exhibit, in a pleading or otherwise) deemed to contain or constitute "CONFIDENTIAL INFORMATION" shall be so designated by any party to this action, or any other supplier of that information, (1) in writing by typing, stamping, or affixing conspicuously on its face (in such a manner as will not interfere with the legibility thereof) "CONFIDENTIAL INFORMATION" at the time of production or service thereof, or (2) orally on the record at a deposition or conference.  Oral notice shall be effective only for those parties in attendance personally or by counsel, or for those parties who receive a transcript containing or marked with a confidentiality designation. The designating party shall use due care to designate only information that truly merits such designation.  The parties shall designate information as "CONFIDENTIAL INFORMATION" on a good faith basis and not for the purpose of harassing the receiving party or for the purpose of unnecessarily restricting the receiving party's access to information concerning the lawsuit.

    3.    The introduction of any "CONFIDENTIAL INFORMATION" into open court during the trial or any hearing in this matter shall be governed by pertinent local rules of the court, future orders of the court or by stipulation between the parties.

      **A.**    **Production of Documents and Things**

      4.    The designating party shall mark each affected document or thing with a legend stating "CONFIDENTIAL INFORMATION" as appropriate, or a comparable notice. Where a document consists of more than one page, at least the first page and each page on which confidential information appears shall be so marked. This provision shall not apply where it is impractical or infeasible to mark the affected document or thing such as in the case of an original that cannot be readily copied. In that event, the designating party shall provide separate written notice.

      5.    If a party inadvertently fails to mark a document that contains confidential information with the appropriate designation, it may later apply such a designation by providing counsel for each other party written notice of the proper designation for each affected document or thing. For purposes of this provision, oral notice recorded by a court reporter shall constitute written notice for any party in attendance personally or by counsel, or who receives a transcript containing such a notice. Upon receiving such a notice, each party shall treat the affected documents or things, and all copies thereof, as designated as the notice states, and each receiving party shall make a reasonable effort to (1) prevent improper use or disclosure of such information, and (2) obtain the return of such information that it disclosed to any person not authorized to receive such designated information, subject to its right to contest any designation in accordance with Paragraph 19 below, and subject to the exceptions in Paragraph 15 below regarding use or disclosure of information before receiving notice of any designation. The designating party shall also provide a replacement, marked pursuant to Paragraph 4 above, for each affected document and thing. After receipt of a marked replacement, and upon written request of the designating party, the receiving party shall certify in writing to counsel of the designating party that the receiving party has returned or destroyed, at its option, every affected unmarked document and thing and all copies thereof.

      6.    Each party or non-party that designates information or items for protection under this order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the designating party should mark as "CONFIDENTIAL INFORMATION" only those parts of

material, documents, items or oral or written communications that qualify. Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g. to unnecessarily encumber the development of the case or expose unnecessary burdens on the other parties) are prohibited. If a designating party learns that information designated as "CONFIDENTIAL INFORMATION" no longer qualifies as confidential, the designating party must promptly notify the other parties and withdraw the confidential designation.

### B. Production for Inspection

7. Any entity that produces documents or things for inspection and copying may require by written notice to the receiving party that, with respect to each document or thing, (a) the document or thing shall be (i) treated as if it were designated as "CONFIDENTIAL INFORMATION" and (ii) reviewed only by persons whom this Protective Order authorizes to receive "CONFIDENTIAL INFORMATION," and any copies, summaries, excerpts, compilations, notes or other information obtained or generated during the inspection of the document or thing shall be treated as "CONFIDENTIAL INFORMATION." After designation by the producing party, the documents and things shall be treated in accordance with the designation, if any, of the producing party.

### C. Depositions

8. A party may designate deposition transcripts and exhibits as "CONFIDENTIAL INFORMATION" (a) orally on the record during the deposition; or (b) by notifying all other parties in writing within ten (10) days of receiving the transcript of the exhibits, transcript, or portions thereof, that contain "CONFIDENTIAL INFORMATION."

9. Until ten (10) days after receiving a deposition transcript, each party shall treat the entirety of each deposition transcript, all information disclosed therein, and each exhibit thereto as "CONFIDENTIAL INFORMATION" unless before the deposition, the exhibit was properly treated as not having any "CONFIDENTIAL INFORMATION." After the ten (10) day period, however, deposition transcripts, all information disclosed therein and each exhibit thereto, shall be treated in accordance with how they are actually designated.

**D.     Redactions**

10.     Any producing party may redact material from documents and things it produces, including matter that the producing party claims is subject to the attorney-client privilege, work product immunity or other privilege or immunity. The producing party shall mark each document or thing where matter has been redacted with a legend stating "REDACTED FOR PRIVILEGE" or a comparable descriptive notice.  The producing party shall preserve an unredacted version of each document.  This provision shall not affect any obligation to provide a log of information redacted or otherwise withheld on the basis of the attorney-client privilege, work product immunity or other privilege or immunity, and the party producing a redacted document must place the redacted document on the privilege log, identifying it as a Redaction under this provision, and stating the basis for the redaction.

**III.    LIMITATIONS ON USING AND DISCLOSING INFORMATION**

**A.     Limitation on Use and Disclosure**

11.     All "CONFIDENTIAL INFORMATION" produced or exchanged during this litigation shall not be disclosed or used except for the purpose of conducting this litigation, including any appeal resulting therefrom, and not for any other business, commercial or other purpose whatsoever unless such "CONFIDENTIAL INFORMATION" has entered the public domain not in violation of this order as discussed in Paragraph 1 above.  As an example only, such information shall not be used by a recipient for any commercial purpose, for filing, prosecuting or opposing any patent application (of any type) or a similar request for protection, for patent reissue or reexamination request or for developing a product.

12.     Anything designated "CONFIDENTIAL INFORMATION" shall not be disclosed or made available to any person or entity other than:

A. Attorneys of record who have entered an appearance in this matter, including necessary clerical and support personnel, including third-party litigation support personnel (for example, paralegals, data entry personnel, copy services, visual aid providers or jury consultants) who are assisting such attorneys. Any outside attorney or law firm other than those indicated above may be added to this Protective Order as counsel of record for a party upon ten (10) days advance written notice to all other parties, but shall not be added to the Protective Order nor entitled to access to any "CONFIDENTIAL INFORMATION" should any other party object in writing to the designation of counsel during such ten (10) day period; any such objection shall be resolved by the Court if not resolved among the parties;

B. Greg Duman, and Sead Muftic;

C. Outside experts, consultants, and mock jurors who are specifically retained by a party to this action for purposes of this litigation, and all necessary clerical and support personnel who assist such experts or consultants, subject to the provisions regarding designating persons under this Protective Order in Paragraph 17 below;

D. The court and any persons the court employs whose duties require access to the information, including jurors and court reporters; and

E. Officers before whom a deposition or other testimony is taken (including without limitation, stenographic reporters and videographers) and necessary clerical and support personnel who are assisting such officers, who are provided a copy of this Protective Order and advised that confidential information disclosed to them may not be used in any manner other than with respect to this action.

**B.     Filing Under Seal/Restricted**

13. Anything filed with or submitted to the court (including without limitation, pleadings, motions, transcripts or portions thereof) that comprises, contains, discloses, reproduces or paraphrases any information that is designated "CONFIDENTIAL INFORMATION" shall be filed as RESTRICTED in accordance with the orders of this court.

**C.    Depositions**

14.    No person shall attend portions of depositions during which information designated as "CONFIDENTIAL INFORMATION" is disclosed unless such person is an authorized recipient of such information under this Protective Order.  If, during a deposition, the response to a question would require the disclosure of "CONFIDENTIAL INFORMATION," the witness may refuse to answer or complete his or her answer, or any party that designated the information as confidential may instruct the witness not to answer or complete his or her answer, until any persons not authorized to receive that information have left the room. If the persons not authorized to receive confidential information refuse to leave the room, the deposition shall continue as to non-confidential matters only or may be adjourned, at the option of the examining party. Each party reserves its right to demand the suspension of the taking of the deposition under Rule 30(d).

**D.    Exceptions**

15.    Notwithstanding any provision of this Protective Order, nothing in this Protective Order shall prohibit or otherwise restrict the use or disclosure of information, documents or things, if, at the time of such use or disclosure:

A.    A party is merely using or disclosing its own information.  A party may freely use and disclose its own "CONFIDENTIAL INFORMATION" without restriction;

B.    The disclosure is required by law (but subject to similar protections afforded under this Order), a court has ordered such use or disclosure, or the court has ordered the relevant information undesignated.  If the court orders such use or disclosure, then unless the court orders otherwise, the information, and any entity receiving any such information, shall otherwise be subject to this Protective Order;

C.    Each party that produced the information or designated the information as "CONFIDENTIAL INFORMATION" has consented in writing to such use or disclosure;

D.    The information is used or disclosed in the examination, at a deposition hearing, or trial, of any current or former officer, director, employee, agent, expert or consultant of the party whose information is used or disclosed, so long as that person had access or knowledge of the information;

  E. The person or entity receiving the information wrote, was the source for, or lawfully previously received that information. Counsel may examine a witness in a good faith effort to determine whether that person had access to or knowledge of the information, provided that such examination be undertaken without the disclosure of the substance of such confidential information to the witness unless and until counsel has determined, in good faith, from such examination that the witness did, in fact, have lawful access to such information prior to this litigation;

  F. The information (1) was part of the public domain or publicly available when it was produced, or (2) becomes part of the public domain or publicly available through no act, omission or fault of any receiving party or its counsel or agents, and through no unlawful or improper act of any other person;

  G. The information is or was independently developed, prior to receipt in this litigation, by the party wishing to use or disclose the information; or

  H. The information (1) is or was in the lawful possession of the party wishing to use or disclose the information, and (2) was not acquired under any obligation of confidentiality to the designating party, nor through the illegal or improper act of any person.

  16. Notwithstanding any provision of this Protective Order, nothing in this Protective Order shall prohibit or otherwise restrict counsel from referring to in a very general way, relying on, or evaluating "CONFIDENTIAL INFORMATION" in the course of advising a party client with respect to this litigation, provided, however, that counsel shall not disclose the specific substance or content of any "CONFIDENTIAL INFORMATION" if such disclosure would violate this Protective Order.

### IV. DESIGNATING PERSONS UNDER THE PROTECTIVE ORDER

  17. The parties may in good faith disclose "CONFIDENTIAL INFORMATION" to mock jurors and jury consultants under the Protective Order provided such persons (i) execute a general confidentiality agreement; (ii) are not actually provided any copies or excerpts of materials designated "CONFIDENTIAL INFORMATION"; and (iii) return all notes or testing instruments upon conclusion of the exercise. Confidential Business

Information designated "CONFIDENTIAL INFORMATION" shall not otherwise be disclosed by the receiving party to its independent technical, damages, or other consultants retained for purposes of this litigation and their necessary employees until the procedures in subparagraphs (A) through (D) are followed:

  A. At least five business (5) days before the designated Confidential Information is to be disclosed to any independent expert or consultant or employees thereof, the party wishing to disclose such information shall provide to the opposing party:

  (i) The person's name, business address, present employer and a current copy of the person's curriculum vitae;

  (ii) The names of any employees who will be assisting the person; and

  (iii) An agreement, in the form attached hereto as Exhibit A, from each person and each employee identified in Paragraph (ii) that they have read this Protective Order and agree to be bound by all of the provisions hereof and to be subject to the jurisdiction of this court for enforcement.

  B. Unless counsel of record for any party notifies proposing counsel of its objection to any person proposed hereunder within five (5) business days after receipt of the information referred to in Paragraph 18(A) above, such person(s) shall thereafter be entitled to receive "CONFIDENTIAL INFORMATION" pursuant to the provisions of this Protective Order.

  C. Should counsel of record notify proposing counsel of its objection to any person proposed hereunder, the parties shall meet and confer within ten (10) days of any such objection. If the meet and confer is unsuccessful, the party objecting to the disclosure to the expert will have 21 days from the date of its written objection to file a motion seeking relief from the Court, provided, however, that no information designated as "CONFIDENTIAL INFORMATION" may be disclosed to any person as to whom an objection has been made until the motion is decided by the court or by an appellate court, should appellate review be sought. If relief is not sought from the Court within twenty-one (21) days following the written objection, the objection shall be deemed withdrawn. In any such proceeding the party opposing disclosure to the expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards

proposed) outweighs the Receiving Party's need to disclose the protected material to its expert.

  D. Each party agrees that it will not contact any consultant or employee thereof of the opposing party whose identity is revealed under this paragraph, provided, however, that the parties may take discovery of "any witness who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4).

  18. Counsel for any receiving party who discloses information designated "CONFIDENTIAL INFORMATION" to any person who is authorized to receive such information, shall be responsible for obtaining and keeping a copy of an executed agreement for each such person, as required by Paragraph 17 above.

## V. DISPUTES REGARDING DESIGNATIONS

  19. Any party to this action may contest at any time the designation of anything as "CONFIDENTIAL INFORMATION" by giving the designating party written notice that identifies the relevant designated information and states in reasonable detail the reasons why the information should not be so designated. Any parties in disagreement about such designations shall meet and confer in good faith in person or by telephone to attempt to resolve their disagreement. If those parties cannot resolve their disagreement within ten (10) days after a party contests the designation, any party may thereafter petition the court to resolve the matter. The designating party shall bear the burden of establishing that the information should be so designated. If such an objection or petition is made, such information shall be treated according to the designation that the designating party gives it until the issue is resolved in writing by the parties or the petition is decided by the court.

## VI. THIRD PARTIES

  20. This Protective Order applies to all information that a non-party discloses in connection with this litigation. All information that any non-party designates as "CONFIDENTIAL INFORMATION" shall be treated as such in accordance with the terms of this Protective Order, subject to any party's rights to contest any designation in accordance with Paragraph 19 above.

21.     If any person or entity is subpoenaed, ordered by a court of competent jurisdiction, or otherwise legally required to produce information that another entity designated "CONFIDENTIAL INFORMATION" in this action, the person or entity receiving the request or order shall (a) inform each person or entity that sent such request or order that the information is subject to this Protective Order, (b) immediately notify each designating party of the existence and general substance of each such order or request, (c) promptly furnish each designating party with a copy of the document(s) it received that memorialized the request or order, and (d) not interfere with any designating party's response or objection to any such order or request.

22.     Nothing in this Protective Order requires any person or entity to contest, appeal, or violate a subpoena, legal process, or court order. If the designating party wishes to contest any such request or order, it shall have the burden of doing so. The entity receiving the subpoena, process, or order shall be entitled to comply with it unless (a) it is quashed or modified in a way that does not require such compliance, or (b) (i) it need not be complied with yet and (ii) the entity receives notice, within ten (10) days after it notifies each designating party of the existence of the request or order, that an entity has or will contest the request or order.

## VII.    WAIVER AND INADVERTENT DISCLOSURES

23.     If a producing party inadvertently discloses information without designating such information as "CONFIDENTIAL INFORMATION," that disclosure shall not be deemed a waiver of confidentiality with regard to that information, subject to the provisions under Paragraphs 29 and 30 below.

24.     Neither the existence of this Protective Order, nor the designation of anything as "CONFIDENTIAL INFORMATION" shall, in and of itself, raise any inference as to whether the designated information is confidential.

### A.    Privilege or Immunity

25.     Nothing in this Protective Order shall be deemed to waive any applicable privilege or immunity, or to limit the relief available to a party claiming that it inadvertently disclosed information subject to any privilege or immunity. Nothing in this Protective Order

shall require disclosure of information that is protected by the attorney-client privilege, work product immunity, or other privilege or immunity.

26. If any party claims that it has inadvertently disclosed information subject to the attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other privilege or immunity, such disclosure shall not constitute a waiver of the applicable privilege or legal prohibition against disclosure if the producing party provides written notice of the inadvertent disclosure to each receiving party within ten (10) days of becoming aware of the inadvertent disclosure. The parties reserve all rights to seek the return or destruction of all such information and anything relating to such information (including without limitation notes or work product), and to preclude the further use or disclosure thereof.

27. If written notice of inadvertent disclosure is provided within ten (10) days of the party becoming aware of the relevant inadvertent disclosure, then: (a) upon receipt of such notice of inadvertent disclosure, each receiving party shall immediately return or destroy all copies of any documents and things that the disclosing party claims it inadvertently disclosed, and, if requested in writing to do so, certify in writing to the producing party that it has done so, and (b) until any issue of how to treat such information is resolved (for example, by court order or agreement of the parties), such information shall be treated as though it is subject to the claimed privilege or immunity, and shall not be further used or disseminated by the receiving party. If any receiving party disputes that any such information is subject to such privilege or immunity, or otherwise disagrees about the return, disclosure (e.g., if the receiving party disputes whether the disclosure was inadvertent), or use of any such information, then that party and the party claiming inadvertent disclosure shall meet and confer in good faith to attempt to resolve their disagreement. If those parties cannot resolve their disagreement within ten (10) days after receipt of such notice, then any of those parties may thereafter petition the court to resolve the matter. The party seeking to designate the information as subject to privilege or immunity shall have the burden of proving that the information is subject to privilege or immunity and, if relying on the rule against inadvertent waiver under this Protective Order, that the disclosure was inadvertent and that written notice was provided within the required

10 days. When written notice of inadvertent disclosure is provided within ten (10) days of the party becoming aware of the inadvertent disclosure, the court will rule on claims of privilege or immunity without regard to the fact that such information has been disclosed or used.

**VIII.  VIOLATION**

28. Each person and entity that receives any information designated as "CONFIDENTIAL INFORMATION" agrees to be subject to the jurisdiction of this court for the purpose of any proceeding relating to the performance under, compliance with, or violation of this Protective Order, even after the conclusion of this litigation.

29. Each party shall be entitled to all remedies existing under law and equity if any information that is designated (at the time of use or disclosure) "CONFIDENTIAL INFORMATION" is used or disclosed in violation of this Protective Order, or if any term of this Protective Order is violated in any other way. It shall not be a defense to a request for injunctive relief that the aggrieved party possesses an adequate remedy at law.

30. If any information that is designated (at the time of use or disclosure) "CONFIDENTIAL INFORMATION" is used or disclosed other than in the manner authorized by this Protective Order, then the party responsible for such use or disclosure shall immediately disclose such use or disclosure to counsel of record and each entity that supplied or designated the affected information and, without prejudice to other rights and remedies available to the supplier or designator, shall make every effort to obtain the return of such information and prevent further improper use or disclosure of such information. Such disclosure shall include: (a) a description of the confidential information used or disclosed (with Bates numbers of any documents involved, if known); (b) the date and nature of the use and disclosure; (c) the identity of the person(s) who made such use or disclosure and to whom the confidential information was disclosed; and (d) a description of the efforts taken to comply with the provisions of this paragraph.

31. Except as provided for elsewhere in this Protective Order, any disclosure or use by any person or entity of any inadvertently disclosed or inadvertently non-designated information shall not be deemed a violation of this Protective Order if such disclosure or

use occurs before that person or entity receives written notice of that inadvertent disclosure or non-designation. For purposes of this provision, oral notice recorded by a court reporter shall constitute written notice.

**IX.**      **CONCLUSION OF LITIGATION**

32.     Absent a court order or written permission of the disclosing and designating party or parties, and unless otherwise stated in another provision in this Protective Order, all provisions of this Protective Order that restrict the disclosure or use of information shall continue to be binding after the conclusion of this action.

33.     Upon written request by the disclosing or designating party or parties after the conclusion of this litigation and all appeals therefrom, and absent a court order to the contrary (a) all documents or things (including transcripts) produced or exchanged in this litigation, and all copies thereof, shall be returned to the producing party or destroyed and (b) anything (including without limitation exhibits and attorney work product) that contains or comprises information designated as "CONFIDENTIAL INFORMATION" shall be returned to the producing party or destroyed. Each party or entity (including without limitation, court reporters) that received or has any such documents or things, or copies thereof, shall certify in writing to counsel for the producing party that it returned or destroyed, at its option, every such document and thing, and all copies, summaries and abstracts thereof, in its possession, custody or control.

34.     Notwithstanding Paragraph 34 above, each firm having counsel of record may retain for archival purposes one copy of all pleadings, papers filed with the court, written discovery requests, deposition transcripts, transcripts of court proceedings, correspondence and work product, including portions designated as "CONFIDENTIAL INFORMATION," subject to the continuing obligations of all other provisions of this Protective Order, and provided that nothing in said archival copy shall be disclosed to anyone other than that counsel's partners, associates or employees.

35.     The court retains jurisdiction even after final disposition of this litigation to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the court may from time to time deem appropriate. The

parties hereto reserve all rights to apply to the court at any time, before or after final disposition, for an order: (a) modifying this Protective Order; (b) seeking further protection against discovery or other use of confidential information, or documents, transcripts or other materials reflecting confidential information; or (c) seeking further production, discovery, disclosure or use of claimed confidential information, or documents, transcripts or other materials reflecting confidential information.

**X.     AMENDMENTS**

36.    Changes or exceptions to this Protective Order may be made only by written agreement of the parties subject to court approval, or by court order.

37.    This Protective Order does not abridge and is without prejudice to the rights of a party (a) to oppose or object to the disclosure, production, use or admissibility of anything, or to refuse to disclose or produce anything based on any available legal grounds or objections, (b) to modify or seek relief from this Protective Order, (c) to seek judicial review or other appropriate action regarding any court ruling concerning information that is or was designated "CONFIDENTIAL INFORMATION," or (d) to seek any additional protection that the party deems appropriate.

**IT IS SO ORDERED.**

**ADMONITION**

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order.  Failure to timely appeal may constitute a waiver of any objection to the Order.  The brief in support of any appeal shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 17th day of May, 2010.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SEAD MUFTIC, | ) |
| | ) |
| Plaintiff, | )   8:09CV355 |
| | ) |
| vs. | )   EXHIBIT A |
| | ) |
| PRISM TECHNOLOGIES LLC, | ) |
| | ) |
| Defendant. | ) |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare and say that:

1. I am employed by_____

    as _____.

2. I have read the Protective Order entered in *Muftic v. Prism Technologies*, Case No. 8:09-cv-00355-JFB-TDT, and have received a copy of the Protective Order.

3. I promise that I will use any and all information designated "CONFIDENTIAL INFORMATION," as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss information designated "CONFIDENTIAL INFORMATION" with anyone other than the persons authorized under Paragraph 12 of the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Nebraska with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of information designated "CONFIDENTIAL INFORMATION" in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date:_____

_____
Print Name

_____
Signature

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed with the Clerk of the United States District Court using the CM/ECF system on [DATE] and that service will be made by electronic notification sent to the following counsel of record for Plaintiff:

Scott E. Daniel          sed@brashearlaw.com

Jeffrey H. Greger        jhgreger@ipfirm.com

/s/ _____